# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 7624 | DATE | 7/6/2011 |
| CASE TITLE | Jastrowski vs. Merlin's Franchising, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [18] is denied.

■ [ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

Before the Court is Defendants Merlin's Franchising, Inc. and Merlin Corporation's Motion to Dismiss Plaintiff James Jastrowski's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, Defendants' Motion is denied.

Plaintiff sues Defendants for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"). Defendants now move to dismiss because, although Plaintiff received an Equal Employment Opportunity Commission ("EEOC") Right to Sue letter against Merlin's Franchising, he did not receive one against his employer, Merlin Corporation. According to Defendant, this failure deprives the Court of subject matter jurisdiction.

On June 13, 2008, Plaintiff filed a timely Charge of Discrimination ("Charge") with the EEOC. The Charge alleged that Plaintiff was terminated without cause in retaliation for his complaints of disability and age discrimination. The Charge named Merlin's Franchising as the Respondent and Plaintiff's employer.

Frank Smola ("Smola") is the President and Registered Agent of both Merlin's Franchising and Merlin Corporation. During the EEOC process, Smola authored a position statement ("Statement") dated July 9, 2008, in which he "strongly disputed the Claimant's allegations of violations of [Title VII and the ADA]." Pl.'s Resp. to Def.'s Mot. to Dismiss, Ex. D. Smola signed the Statement on behalf of Merlin Corporation and submitted it on Merlin Corporation letterhead. The Statement noted that the Charge was "received by us" on June 25, 2008. Id.

On October 1, 2010, the EEOC issued Plaintiff a Notice of Right to Sue. Plaintiff timely filed a Complaint, which was served on Smola on March 11, 2011. Shortly thereafter, Defendants' counsel contacted Plaintiff's counsel and asserted, for the first and only time, that Merlin Corporation, not Merlin's Franchising, was Plaintiff's employer. Plaintiff immediately moved to file an Amended Complaint adding Merlin Corporation as a defendant.

## STATEMENT

Defendants argue that the Court does not possess subject matter jurisdiction over this case because Plaintiff did not name Merlin Corporation as a respondent in the Charge. Plaintiff responds that this Motion is improperly filed under Rule 12(b)(1). Plaintiff is correct.

A motion filed under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. The requirement that a party be named in the charge, however, "is not jurisdictional, and it is subject to defenses such as waiver and estoppel." Tamayo v. Blagojevich, 526 F.3d 1074, 1089 (7th Cir. 2008); see also Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 128-29 (7th Cir. 1989) (noting that the charge-filing requirement is not jurisdictional); Babrocky v. Jewel Food Co., 773 F.2d 857, 864 (7th Cir. 1985) ("[T]he requirement that the scope of the EEOC charge limit the scope of the subsequent complaint is in the nature of a condition precedent with which litigants must comply rather than constituting a component of subject matter jurisdiction."). Because the charge-filing requirement is not jurisdictional, Plaintiff's satisfaction of the requirement cannot be challenged under Rule 12(b)(1). Accordingly, Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) is denied.

To the extent that this is an issue of standing and exhaustion (as opposed to jurisdiction), this case, as Plaintiff argues, falls within the Seventh Circuit's well-established exception to the requirement that a party be named in the Charge in order to be sued under Title VII.

"Ordinarily, a party not named as the respondent in an EEOC charge may not be sued under Title VII." Tamayo, 526 F.3d at 1089. The purpose of the requirement is to "give[ ] the employer some warning of the conduct about which the employee is aggrieved and afford[ ] the EEOC and the employer an opportunity to attempt conciliation without resort to the courts." Id. (quoting Ezell v. Potter, 400 F.3d 1041, 1046 (7th Cir. 2005)).

With these two purposes in mind, the Seventh Circuit recognizes that a party not named in an EEOC charge may nonetheless be a proper defendant in a Title VII action as long as that party: (1) "has been provided with adequate notice of the charge" and (2) "has been given the opportunity to participate in conciliation proceedings." Id.; see also Schnellbaecher, 887 F.2d at 126.

This case falls squarely within the exception. First, Merlin Corporation had actual notice of the EEOC charge because its president, Smola, received the Charge and disputed its allegations on Merlin Corporation letterhead. Second, the Charge provided Smola with notice that there were possible claims against Merlin Corporation such that Merlin Corporation had an opportunity to participate in the conciliation proceedings on its own behalf. Upon receiving notice of the Charge, nothing prevented Smola from attempting to resolve the alleged discrimination on behalf of Merlin Corporation. See, e.g., Eggleston v. Chi. Plumbers' Local Union No. 130, U.A., 657 F.2d 890, 907 (7th Cir. 1981) ("As soon as the [defendant] had notice of the charge, either through its Local 130 members or through [its] coordinator, nothing prevented it from attempting to resolve the alleged discrimination in an amicable manner."). As the Seventh Circuit has explained, if the party not named in an EEOC charge has a "close relationship with a named respondent . . . and actual notice of the EEOC charge" – as Merlin's Franchising and Merlin Corporation have here – then the unnamed party "should not be heard to cry 'foul' when later made a defendant in a suit." Id. (quotations omitted). Because Merlin Corporation received actual notice of the Charge and fully participated without objection in the EEOC investigation process, Plaintiff has satisfied Title VII and the ADA.

For the foregoing reasons, Defendants' Motion to Dismiss is denied.
IT IS SO ORDERED.